UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

   - against -

FOMDO DRAME,

                Defendant.

------------------------------------X

10 Cr. 731 (RWS)

SENTENCING OPINION

**Sweet, D.J.**

      On August 17, 2010, Fomdo Drame ("Drame" or "Defendant") pleaded guilty to one count of making a false statement in an application for a United States passport, in violation of 18 U.S.C. § 1542. For the reasons set forth below, Drame will be sentenced to 4 months' imprisonment to be followed by 2 years' supervised release. Drame will also be required to pay a special assessment of $100.

**Prior Proceedings**

      On August 17, 2010, Indictment 10 CR 731 (RWS) was filed in the Southern District of New York. Count 1 charges that on March 31, 2009, in the Southern District of New York and

elsewhere, Drame unlawfully and knowingly submitted an application for a United States passport containing false information, including a false name, date, and place of birth, in violation of 18 U.S.C. § 1542.

On August 17, 2010, Drame appeared before the Honorable Frank Maas in the Southern District of New York and pleaded guilty to Count 1 pursuant to a written plea agreement.

On October 1, 2010, the Court received a letter from Drame's counsel requesting that Court be lenient when imposing a sentence in light of the nature of Drame's offense as well as Drame's personal background and efforts to start a family and to have a normal life.

Drame's sentencing is currently scheduled for October 7, 2010.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d

Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

   (2) the need for the sentence imposed —

      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   (3) the kinds of sentences available;

   (4) the kinds of sentence and the sentencing range established for —

      (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

   (5) any pertinent policy statement . . . [issued by the Sentencing Commission];

   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

>    (7)   the need to provide restitution to any victims of
>          the offense.

18 U.S.C. § 3553(a).  A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not.  See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Drame's personal and family history.

**The Offense Conduct**

The following description draws from the PSR.  The specific facts of the underlying conduct are adopted as set forth in that report.

On March 31, 2009, a passport application (the "Application") was signed and submitted at a post office in Manhattan, New York.  The Application was submitted in the name of a person ("Person-1") who was subsequently determined not to

be Fomdo Drame. In a space on the Application calling for the Social Security Number of the applicant, the Application contained a particular Social Security Number. As a result, a referral was made to the United States Department of State's Diplomatic Security Service ("DSS"). An agent from the DSS (the case agent) was assigned to investigate the individual who had filed the application. The case agent's investigation was based in part upon conversations with other law enforcement agents and examination of reports and records.

A section of the Application that is completed by a government employee indicated that the person that submitted the Application presented a photocopy of a Georgia birth certificate and North Carolina driver's license in the name Person-1. The Application also included a photograph that purports to be Person-1. A review of Social Security Administration records indicated the Social Security Number provided in the Application was registered to Person-1.

On January 23, 2010, DSS agents conducted an interview of an individual (the "Individual") at the address listed on the Application. When the Individual was shown the Application, he identified the person in the photograph on the Application as

Drame, and he stated that Drame was his former roommate. Arrest photographs of Person-1 and a Georgia driver's license in the name of Person-1 were obtained from the State of Georgia. A review of these documents revealed that the arrest photographs and the photograph on the Georgia driver's license did not match the photograph on the Application.

Passport and Visa records of the U.S. Department of State indicate that that Drame applied for and was refused a visa in 2004. A photograph of Drame that is a part of these records matched the photograph on the Application.

On January 26, 2010, the case agent interviewed Drame, who was shown the photograph on the Application. Drame identified the person in the photograph as himself.

On June 9, 2010, Drame was arrested.

**The Relevant Statutory Provisions**

Pursuant to 18 U.S.C. § 1542, the maximum term of imprisonment is 10 years.

If the Court sentences Defendant to a term of imprisonment, the Court may impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3561(c)(1).

Defendant is eligible for between one and five years' probation by statute, pursuant to 18 U.S.C. § 3561(c)(1).

The maximum fine that may be imposed is $250,000, pursuant to 18 U.S.C. § 3571. A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

**The Guidelines**

The November 1, 2009 edition of the <u>United States Sentencing Commission Guidelines Manual</u> has been used in this case for calculation purposes, pursuant to § 1B1.11(a). The Court finds the following with respect to Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment:

The guideline for the violation of 18 U.S.C. § 1542 is found in § 2L2.2, which provides for a base offense level of 8.

Defendant committed the instant offense after sustaining a conviction for a felony immigration and naturalization offense on December 10, 2004; therefore, a two-level increase is warranted pursuant to § 2L2.2(b)(2)(A).

Based on his plea allocution, Defendant has shown recognition of his responsibility for the offense. Pursuant to § 3E1.1(a), the offense is reduced two levels.

Accordingly, the applicable offense level is 8.

On July 3, 2004, Drame was arrested and charged with use of a false passport. On December 10, 2004, Drame was sentenced in the U.S. District Court for the Eastern District of New York to time served (five months' imprisonment). Pursuant to § 4A1.1(b), this conviction warrants two criminal history points. On November 7, 2008, Drame was arrested and charged with theft by unlawful taking or disposition. On September 21, 2009, Drame was sentenced in the Hudson County Superior Court to pay a fine of $255. Pursuant to § 4A1.1(c), this conviction warrants one criminal history point.

According to the plea agreement, on March 28, 2006,

Defendant was convicted in New York City Criminal Court of disorderly conduct. This conviction resulted in a conditional discharge sentence. Pursuant to § 4A1.2(c)(1), this conviction results in zero criminal history points.

A total of three criminal history points establishes a Criminal History Category of II, pursuant to the table at Chapter 5, Part A, of the Guidelines.

Based on a total offense level of 8 and a Criminal History Category of II, the Guidelines range for imprisonment is 4 to 10 months. As the offense level is in Zone B of the Guidelines Sentencing Table, the minimum term of imprisonment may be satisfied by (1) a sentence of imprisonment; (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one month is satisfied by imprisonment, pursuant to § 5C1.1(c); or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment.

The Guidelines range for a term of supervised release

is two to three years, pursuant to § 5D1.2(a)(2). If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required but is optional, pursuant to § 5D1.1(b). Supervised release is required if the Court imposes a term of imprisonment of more than one year or when required by statute, pursuant to 18 U.S.C. § 5D1.1(a).

Because the applicable Guidelines range is in Zone B of the Sentencing Table, Defendant is eligible for probation provided that the court imposes a condition that substitutes intermittent confinement, community confinement, or home detention for at least four months, pursuant to § 5B1.1(a)(2). If the Court imposes probation, the term must be between one and five years because the offense level is 8, pursuant to § 5B1.2(a)(1).

The fine range for the instant offense is $1,000 to $10,000, pursuant to § 5E1.2(c)(3)(A) and (c)(3). Subject to Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of

10

$2,270.93 to be used for imprisonment, a monthly cost of $317.32 for supervision, and a monthly cost of $2,063.19 for community confinement.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the instant case.

**The Sentence**

For the instant offense, Drame will be sentenced to 4

11

months' imprisonment and 2 years' supervised release.

Drame is directed to report to the nearest United States Probation Office within seventy-two hours of release to commence his term of supervised release. It is recommended that Drame be supervised by the district of his residence.

As mandatory conditions of his supervised release, Drame shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer. The mandatory drug testing condition is suspended based on the Court's determination that Defendant poses a low risk for future substance abuse.

Furthermore, the standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional special conditions:

(1) Defendant shall obey the immigration laws and comply with the directives of immigration authorities.

(2) Defendant shall provide the probation officer with access to any requested financial information.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived.

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for October 7, 2010.

It is so ordered.

New York, NY
October 5, 2010

ROBERT W. SWEET
U.S.D.J.

13